Opinion of the court delivered by
Judge Peck.
Samuel and William Morrison had given to Sullivan their note for ‡607 87í cents in notes on the bank of the Stat© *445 of Tennessee, payable 25th December 1825. Sullivan assigned this note to Lawrence. On the 24th December 1825, William Morrison gave his note to Lawrence for $607-cents, payable in gold and silver in full for the note first above mentioned — but to be paid on the first of August 1825. After the note fell due, this suit was brought uponit, plea of usury was put in by the defendant,averring that the $607in banknotes, was worth'$456 specie, and no more — and that' for giving day for payment, Lawrence exacted $137 usury. This defence being put in under our late act of assembly was verified on oath. To this plea, Lawrence, by his attorney filed a demurrer: On argument that demurrer was sustained and judgment given for the sum of $607 interest and costs. Writ of error to this court.
The offence of usury differs in nothing from what it had been defined to be in 17-; the only alteration intended by the act of 1819, was the mode of reaching the of-fence, and changing the degree of punishment. Whatever, therefore, was usury under the former act remains usury under the latter.
Take the plea as true and the present is a case of gross usury; and under the act of 1819 the plea is to be taken as true. The act contemplates the answer of the plaintiff on oath to the matter of the plea. How then could the circuit court, on the demurrer to a plea, on oath, averring the value of the banknotes tobe only $456 in specie, rule that there was no usury in the case, and render judgment for the sum of $607, with interest? The plea, in terms, makes out a case of forbearance; and for the day given for payment, exacts $137 usury. The court could not, in opposition to this plea, take it upon himself to find the facts otherwise than as stated in the plea.— Take the facts as they stand admitted by the demurrer, and no legal inference could be drawn inconsistent with the offence charged. Bank notes, as mentioned in the first note, were property not money. Their value on suit brought would have been ascertained by the jury. The case before us evinces the soundness of the rule which *446 determines the form of action on such instruments as that given by the Morrisons to Sullivan, to he covenant and not debt. If such a change of the instrument could operate to turn the amount specified in notes, into specie, it would be used as a shift and device to cover usury.
A jury in trying the case before us would (supposing issue on the plea) first enquire what was the value of the hank notes on the day the second note was given. If the sum found compared with the amount of the note given for specie, fell so far short as to shew that more than the rate of six per cent per annum had been reserved, they might then infer that the whole amount was a device to cover usury. A natural inquiry with them would be, why if the same amount had been secured by the first note ashy the second, change the security and give day? The next inquiry would be, why take the obligation on one only of the first obligors,, if nothing was intended by taking the second? Was the money on the last note thereby better secured? In short it would be for the jury to ascertain whether under all the circumstances, it was intended by the parties under colour of supposing depreciated paper equal to specie, to cover a corrupt bargain against the statutes concerning usury. To them it belonged to find the facts. Com. Digest, Tit. Usury (A.) 16 John. It. 294. 8 Mass. 266.
Let the cause be reversed, the demurrer overruled, and the cause remanded to be proceeded in.